UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 2:06-CR-372 |
| § | |
| ROSA ELVA FLORES § | |
| aka Rosa Elva Sanchez Flores § | |

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

Before the Court is Defendant's motion for reconsideration of her sentence. (D.E. 62). The Court DENIES the motion, finding Amendment 750 of the United States Sentencing Guidelines is not applicable to the sentence Defendant is currently serving.

On June 7, 2004, in cause number 2:04-CR-138, Defendant plead guilty to Making a False, Fraudulent, and Fictitious Material Statement to a Representative of the U.S. Probation Department, in violation of 18 U.S.C. § 1001(a)(2). (2:04-CR-138, D.E. 19, 21). On August 18, 2004, Defendant was sentenced to 5 years probation. (D.E. 21).

On June 21, 2006, in cause number 2:06-CR-372-002, Defendant entered a plea of guilty to Conspiracy to Possess with Intent to Distribute 20.8 Grams of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (2:06-CR-372-002, D.E. 18). On September 7, 2006, Defendant was sentenced to 97 months imprisonment and 10 years supervised release as to each count, to be served concurrently. (D.E. 33).

Also on September 7, 2006, Defendant admitted three violations of the terms of her supervision in cause number 2:04-CR-138. (D.E. 30). Defendant's probation was revoked and she was sentenced to 18 months imprisonment, to be served consecutively to the term of imprisonment

imposed in cause number 2:06-CR-372-002. (D.E. 30). Defendant also received a 3 year term of supervised release, to be served concurrently with the term of supervised release imposed in cause number 2:06-CR-372-002. (D.E. 30).

On May 8, 2008, this Court granted Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582. (2:06-CR-372-002, D.E. 50). Defendant's sentence of imprisonment in cause number 2:06-CR-372-002 was reduced from 97 to 78 months. (D.E. 51). Defendant was again granted a reduction in this sentence on December 5, 2011 to time served, stayed 10 days. (D.E. 60). Defendant is currently serving her consecutive 18-month sentence based on the revocation of her supervised release in cause number 2:04-CR-138. Before the Court is a request by Defendant to reconsider her sentence. (D.E. 62).

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010) (quoting 18 U.S.C. § 3582). In spite of this, Congress allows such modification when a defendant's term of imprisonment is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(2). Amendment 750 to the United States Sentencing Guidelines, effective November 1, 2011, lowered the base offense level for sentences involving crack cocaine. *See* U.S.S.G. § 2D1.1. Defendant's original sentence, in cause number 2:06-CR-372-002, involved crack cocaine, as contemplated by Amendment 750.

However, 18 U.S.C. § 3582(c) presumes a defendant is still in custody. *See* 18 U.S.C. § 3582(c) ("The court may not modify *a term of imprisonment* once it has been imposed except that . . .") (emphasis added). Once a defendant serves their term of imprisonment, the sentence has been completed and there is nothing for the court to reduce. In addition, 18 U.S.C. § 3582(c)(2) states

that any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." Relevant policy statements regarding the determination of such a reduction in a term of imprisonment, emphasizing the impossibility of reducing a term of imprisonment already served, state that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

Defendant completed her original sentence imposed in cause number 2:06-CR-372-002, and is now serving a sentence for the revocation of supervised release in cause number 2:04-CR-138. Defendant's supervised release was revoked for a variety of reasons, including conspiracy to possess with intent to distribute crack cocaine. (*See* 2:04-CR-138, D.E. 30). Yet, because the sentence for this violation of supervised release is controlled by the fact of committing a felony, and not based in any part on the type of drug or the quantity involved, it does not fall within the ambit of Amendment 750. Further, the Court may not reduce the sentence Defendant has already served in cause number 2:06-CR-372-002 in order to credit Defendant and thereby relieve Defendant from serving her current separate, consecutive sentence for revocation of supervised release imposed in cause number 2:04-CR-138. Therefore, Defendant's current sentence may not be amended.

Accordingly, Defendant's motion to reconsider is DENIED.

ORDERED this 27th day of February, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE